UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AZEK BUILDING PRODUCTS, INC.,
MARKETING AND SALES PRACTICES
LITIGATION                                                                                          MDL No. 2506

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants AZEK Building Products, Inc. ("AZEK") and its parent company CPG International, Inc., move to centralize this litigation in the District of New Jersey. The litigation consists of two actions listed on Schedule A, which are pending in the District of New Jersey and the Southern District of Illinois. Plaintiffs in the District of New Jersey action support the motion.[1] Plaintiffs in the Southern District of Illinois action oppose centralization or, alternatively, request selection of their district. Since the filing of the motion, the parties have notified the Panel of a related action pending in the District of Massachusetts.[2]

The actions on the motion and the potential tag-along action allege that defendants made false and misleading advertising claims regarding the durability and certain other traits of AZEK decking products. Plaintiffs in the Southern District of Illinois action contend that centralization is not warranted because their action involves a second AZEK product not involved in the other actions – AZEK railing. The alleged product defect and marketing allegations, however, are the same. In such circumstances, the Panel has recognized that centralization is appropriate.[3] They also argue that informal coordination is a preferable alternative in light of the low number of actions and the lack of overlap in the proposed state classes in the actions on the motion. After the briefing closed, however, the potential tag-along action in the District of Massachusetts was filed, which proposes a nationwide class that overlaps with the putative state classes in this litigation. Additionally, as defendants point out, they have made numerous attempts to coordinate this litigation, including working with plaintiffs in several states to consolidate their claims in the District of New Jersey action, but those efforts have had limited effectiveness as additional duplicative actions are filed.

---

[*] Judges Paul J. Barbadoro and Lewis A. Kaplan took no part in the decision of this matter.

[1] Plaintiffs in the D. New Jersey action filed a brief opposing centralization, but notified the Panel at oral argument that they had changed their position in light of developments in the litigation.

[2] This and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3] *See MI Windows and Doors, Inc., Prods. Liab. Litig.*, 857 F. Supp. 2d 1374, 1375 (J.P.M.L. 2012) (centralization of actions involving "different models" may be warranted where they concern "similar products manufactured by the same defendant where a common defect was alleged").

- 2 -

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions share factual questions relating to allegations that defendants made false and misleading advertising claims regarding the maintenance and durability of AZEK decking products, including the ability of the products to retain their appearance and color in outdoor conditions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of New Jersey is an appropriate transferee forum for this litigation. Defendants and plaintiffs in the first-filed *Beucler* action support this district. Additionally, defendants are located nearby in Scranton, Pennsylvania, where much of the common evidence is likely to be located. Judge Kevin McNulty has been presiding over the *Beucler* action for over a year. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the District of New Jersey is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Kevin McNulty for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell          Charles R. Breyer
Sarah S. Vance               Ellen Segal Huvelle

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
ATTEST
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey
By: _____
Deputy Clerk
2/21/14

IN RE: AZEK BUILDING PRODUCTS, INC.,
MARKETING AND SALES PRACTICES
LITIGATION                                                                                      MDL No. 2506

## SCHEDULE A

<u>Southern District of Illinois</u>

Tom Glodo, et al. v. CPG International, Inc., et al., C.A. No. 3:13-00402

<u>District of New Jersey</u>

Mel Beucler, et al. v. CPG International, Inc., et al., C.A. No. 2:12-06627