UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re AZEK BUILDING PRODUCTS, INC. MARKETING AND SALES PRACTICES LITIGATION | Civil Action No.: 12-6627<br>MDL Docket No. 2506<br><br>**ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, AND <u>APPROVING CLASS NOTICE</u>** |

THIS MATTER having been opened to the Court by attorneys for Plaintiffs and attorneys for Defendants, by way of their joint motion for preliminary approval of the proposed Settlement in the above Action;

WHEREAS, the Court having reviewed and considered the unopposed motion for preliminary approval and supporting materials filed by Settlement Class Counsel ~~and the Company's Counsel, having held a preliminary approval hearing on _____, 2017~~, and having also reviewed the extensive Court file in this Action; and

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

IT IS THIS 23 day of August, 2017

ORDERED that the Settlement (including all terms of the Settlement Agreement and exhibits thereto) is hereby PRELIMINARILY APPROVED;

The Court further finds and Orders as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district.

1017208

2. The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and the Defendants AZEK Building Products, Inc. and CPG International LLC ("CPG") (collectively, "Defendants" or "CPG").

3. The Settlement was the result of the parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations with the aid of an experienced mediator. The Settlement Agreement is not the result of collusion.

4. The extensive proceedings that occurred before the Parties reached the Settlement Agreement gave counsel opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

5. The Settlement falls well within the range of reason. The Settlement has no obvious deficiencies. The Proposed Settlement does not unreasonably favor the Plaintiffs or any segment of the Settlement Class.

6. Because the Settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Settlement, including the Settlement Agreement and all of its exhibits.

7. The Court finds, for settlement purposes only, that all requirements of Fed.R.Civ.P. 23(a) and (b)(3) have been satisfied. The Court certifies a Settlement Class, as follows:

> All current residential owners of AZEK decking in the United States who purchased AZEK decking from August 1, 2007 through December 31, 2012 and who still own the property on which that deck is located.

Distributors, dealers, contractors, nonresidential owners, and non-original purchasers are not part of the Settlement Class.

Excluded from the Class are:

    a.    All persons and entities who timely exercise their rights under Federal Rule of Civil Procedure 23 to opt out of the Settlement; and

    b.    CPG or any of its predecessors, successors, parent or subsidiary companies, affiliates, officers, directors, employees, agents, attorneys, representatives, insurers, suppliers, distributors or vendors; and

    c.    Class Counsel and any member of Class Counsels' immediate family; and

    d.    The Judges to whom the cases within the MDL Litigation were assigned in the transferor courts, the Judges to whom the MDL Litigation is assigned, and any member of those Judges' immediate family.

8. The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

(a) Pursuant to Fed.R.Civ.P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

(b) Pursuant to Fed.R.Civ.P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Settlement Class.

(c) Pursuant to Fed.R.Civ.P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Classes that they represent in that the Named Plaintiffs allege that they are purchasers and owners of AZEK decking. The Court hereby appoints the following Plaintiffs as class representatives ("Named Plaintiffs") for the Class: Daniel Berkowitz, Mel Beucler, Barbara Derwich, John Edmonds, Joseph Marino, Kevin Mayhew, Christine Merriam, Joseph Solo, and Jeffrey Wayne;

(d) Pursuant to Fed.R.Civ.P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class, and the interests of the Named Plaintiffs are not antagonistic to those of the Settlement Class.

The Named Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

9. The Court further finds that the requirements of Rule 23(b)(3) are satisfied, as follows:

(a) Questions of law and fact common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

(b) A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

10. The Court finds that the content of the Long and Short Form Settlement Notices attached as Exhibits B and C to the Settlement Agreement, and the Claim Form attached as Exhibit A to the Settlement Agreement, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves those Settlement Notices and Claim Forms.

11. This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, and the notice procedures, and finds that the Notice Plan represents the best notice practicable under the circumstances pursuant to Fed. R. Civ. P. 23(c)(2)(B). The Court specifically approves each component of the Notice Plan, including: (a) e-mailed direct notice; (b) print publication notice; (c) digital notice through web-based banner advertising and paid search placements; (d) a Settlement Website; and (e) a toll-free telephone number.

12. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e)(1), and Due Process.

13. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby appoints James Cecchi of Carella Byrne, Cecchi, Olstein, Brody & Agnello, P.C.; Jonathan Shub of Kohn, Swift & Graf, P.C.; and Christopher Seeger of Seeger Weiss LLP as Lead Class Counsel for the Settlement Class.

14. The Court directs that pursuant to Fed.R.Civ.P. 23(e)(2) a hearing will be held on February 5, 2018, to consider final approval of the Settlement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues: (a) whether the Class should be certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the Settlement; (c) Lead Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of an award of service payments to the Named Plaintiffs. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's website.

15. Persons wishing to object to the proposed Settlement shall follow the following procedures:

    (a) To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Clerk via first class mail postmarked by December 15, 2017, and must also mail a copy thereof upon the following:

**Lead Counsel for Plaintiffs**

James E. Cecchi
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Email: JCecchi@carellabyrne.com

Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road
Ridgefield Park, NJ 07660
(973) 639-9100
Email:  CSeeger@seegerweiss.com

Jonathon Shub
KOHN SWIFT & GRAF, LLP
One South Broad Street
Suite 2100
Philadelphia, PA  19130
Telephone:  (215) 238-1700
Email:  jshub@kohnswift.com

**Notice Administrator**

Dahl Administration
P.O. Box 3614
Minneapolis, MN 55403-0614

(b)     Any member of the Settlement Classes who files and serves a written objection by the deadline stated in Paragraph 15 of this Order may also appear at the Fairness Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class member's expense, to object to the fairness, reasonableness or adequacy of the proposed Settlement.  Any attorney representing a member of one of the Settlement Classes for the purpose of making objections must also file a Notice of Appearance with the Clerk, and must also serve copies by mail to the counsel listed above.

(c) Any objection to the Settlement shall bear the signature of the Settlement Class Member (even if represented by counsel); state the Settlement Class Member's current address and telephone number; and state (a) the address of the structure(s) that may contain AZEK Decking Boards and (b) whether or not the Settlement Class Member intends to appear at the Final Approval Hearing. If the Settlement Class Member is represented by counsel, the notice of objection shall also be signed by the attorney who represents the Settlement Class Member. A Settlement Class Member who files an objection will be deemed to consent to the taking of their deposition for no more than four (4) hours in a location convenient to the Settlement Class Member within seven (7) days of the filing of the objection.

16. Any Class Member who does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the proposed Settlement, and/or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expense request in this or any other proceeding.

17. The Court further approves the proposed procedures setting forth the right of Settlement Class Members to opt out of the Settlement Class and to request exclusion from the Settlement Class. To exercise this exclusion right, the Settlement Class Member must send written notification of the request for exclusion via first class mail to Class Counsel and the Notice Administrator. The request for exclusion must bear the signature of the Settlement Class Member (even if represented by counsel) and state the address of the structure(s) that may

contain AZEK Decking Boards. If the Settlement Class Member is represented by counsel, the request for exclusion shall also be signed by the attorney who represents the Settlement Class Member. Requests for exclusion must be postmarked by December 15, 2017.

18. A Settlement Class Member who wishes to be heard at the Final Approval Hearing must file an intent to appear no later than January 26, 2018 (i.e., at least 10 days prior to the hearing).

19. The Court hereby appoints Dahl Administration as the "Notice Administrator" and "Claims Administrator," which shall supervise and administer the Notice Plan as well as the processing of Claims.

20. The Court also approves the proposed claims procedures, as reflected in the Settlement Agreement. The Court has reviewed the procedures and finds that they are adequate and reasonable and will ensure the efficient processing of the claims of the members of the Settlement Class.

21. Any Settlement Class Member who fails to submit a timely request for exclusion shall not be permitted to object to the Settlement. Any Settlement Class Member who does not timely and properly filed a written request for exclusion from the Settlement Class shall be bound by the Settlement and by all subsequent proceedings, orders, and judgments in the MDL Litigation. Any Settlement Class Member who elects to opt out of the Settlement Class pursuant to the Settlement Agreement shall not be entitled to relief under or be affected by the Agreement.

22. The following are the deadlines for the following events:

| **EVENT** | **DATE** |
|---|---|
| Execution of Notice Plan | October 17, 2017 |
| Deadline for objectors and opt-outs (i.e., at least 30 days after close of notice period) | December 15, 2017 |
| Responses to objectors and opt-outs; motion for final settlement approval; motion for class counsel fees and plaintiff incentive awards | January 22, 2018 |
| Deadline to file notice of intent to appear at final approval hearing (i.e., 10 days before final approval hearing) | January 26, 2018 |
| Final Approval Hearing (proposed window) (i.e., at least 45 days after deadline to object) | February ~~19~~, 2018 at 11:00am. |

23. To the extent not otherwise defined herein, all defined terms in this Preliminary Approval Order shall have the meaning assigned in the Settlement Agreement.

24. Nothing in this Preliminary Approval Order, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be evidence of an admission or a concession on the part of CPG (or any of its predecessors, successors, parent or subsidiary companies, affiliates, officers, directors, employees, agents, attorneys, representatives, insurers, suppliers, distributors or vendors) of any fault, wrongdoing, or liability

whatsoever, or that any of the allegations in the complaints are correct.

_____
MADELINE COX ARLEO, U.S.D.J.